**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Joseph Avestro BECKER,
aka Joey Becker, Defendant–
Appellant.**

**No. 05–50116.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Bruce Searby, Esq., Damian J. Martinez, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Charles Joseph Avestro Becker appeals from the 60–month sentence imposed following his convictions for fraud and misuse of visas, in violation of 18 U.S.C. § 1546(a), 2(a), and inducing illegal aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Becker contends that the district court relied upon false and unreliable information in imposing a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. We disagree. The record shows that the district court relied upon its prior findings that Becker committed perjury as the basis for applying the enhancement, and the district court's findings encompassed each of the elements of perjury, as required by *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). We conclude that the district court did not clearly err in finding the facts necessary to apply the obstruc-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion of justice enhancement. *See United States v. Cordova Barajas,* 360 F.3d 1037, 1043–44 (9th Cir.2004).

Becker's contention that the application of the remedial portion of the decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to his sentence violated due process is foreclosed by *United States v. Dupas,* 419 F.3d 916, 920–22 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006).

Finally, Becker contends that the district court's judgment must be modified to strike language about witness intimidation from the incorporated sentencing transcript. We remand to the district court with instructions to remove the reference to witness intimidation from the judgment.

**AFFIRMED; REMANDED.**